IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WEATHERFORD INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:26-CV-00108-O** |
| | § | |
| **K.L., by and through his next friend,** | § | |
| **S.H.,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court are Defendant's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8); Plaintiff's Response and Motion for Preliminary Injunction (ECF No. 11); Defendant's Reply (ECF No. 12); Defendant's Response (ECF No. 14); and Plaintiff's Reply (ECF No. 16). After considering the Parties' briefing and the relevant caselaw, the Court **DENIES** Defendant's Motion and **DENIES** Plaintiff's Motion.

## I.    BACKGROUND[1]

This case arises from an appeal of a Due Process Hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA"). In a decision issued on January 5, 2026 ("Hearing Decision") a Texas Special Education Officer found that Plaintiff Weatherford Independent School District ("Plaintiff" or "WISD") had not provided Defendant K.L. with a Free Accessible Public Education ("FAPE") in violation of IDEA by failing to develop and implement an appropriate Individualized Education Program ("IEP") or Behavior Intervention Plan ("BIP"). WISD disputes the Hearing Decision and filed this action.

---

[1] Unless otherwise noted, the Court's recitation of the facts comes from the Parties' injunctive motions. *See* ECF Nos. 8, 12.

K.L. is a 17-year-old male who has been diagnosed with autism, oppositional defiant disorder, disruptive mood dysregulation disorder, and attention-deficit/hyperactivity disorder. Based on these disabilities, he has a history of property destruction, verbal and physical aggression, self-harm, elopement, and noncompliance. K.L. was enrolled in WISD from 2021 to 2024. In August 2024, he was withdrawn from WISD, and moved to McKinney, Texas where he enrolled to attend school in Melissa ISD. K.L.'s behavior did not improve after the move, and in March of 2025, he was placed at Texas State Hospital in Austin, Texas.

On July 8, 2025, K.L's guardian, S.H., filed a Request for Special Education Due Process Hearing with the Texas Education Agency ("TEA"). After a hearing held in early December 2025, the hearing officer issued the Hearing Decision, which requires WISD to cover the costs of placing K.L at The Calo Programs ("Calo"), or another suitable program, for one year. Calo is a TEA-approved residential treatment program in Lake Ozark, Missouri.

Plaintiff filed this action on February 2, 2026, appealing the Hearing Decision under 20 U.S.C. § 1415(i)(2)(A). Defendant then filed a Motion for Temporary Restraining Order and Preliminary Injunction on February 5, 2026. In response, Plaintiff filed a Response and Motion for Preliminary Injunction on February 11, 2026. Defendant and Plaintiff then timely filed appropriate responses and replies, and the motions are now ripe for the Court's review.

## II.     LEGAL STANDARD

Federal Rule 65 authorizes injunctive relief. FED. R. CIV. P. 65(a)–(b). The decision to grant or deny injunctive relief is committed to the district court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). The purpose of a temporary restraining order ("TRO") is "to preserve the status quo until there is an opportunity to hold a hearing." 11A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed. 2005).

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (internal quotation marks and citation omitted).

To establish entitlement to injunctive relief, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in its favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). As the movant, it is the party seeking relief who bears the burden of proving the four elements of the requested injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). A preliminary injunction is an "extraordinary remedy" and will be granted only if the movant carries their burden on all four requirements. *Id.* "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

## III.    ANALYSIS

Plaintiff and Defendant both seek injunctive relief. Defendant seeks a TRO "restraining [Plaintiff] from failing to effectuate K.L.'s placement at Calo" until the Court can hold a hearing regarding his application for preliminary injunction, which ultimately seeks to enjoin Plaintiff "from failing to effectuate K.L's placement at Calo until full resolution of these proceedings."[2] Plaintiff seeks a preliminary injunction staying the Hearing Decision and preventing any

---

[2] Def.'s TRO 20, ECF No. 8.

enforcement of the decision against it until a final judgment is issued by this Court.[3] The Court addresses each in turn.

### A. Defendant's TRO and Preliminary Injunction

Starting with Defendant's Motion, Defendant argues that his two counterclaims—(1) violation of the IDEA, (2) violation of the ADA and Section 504 of the Rehabilitation Act—entitle him to injunctive relief.[4]

1. IDEA Claim

Defendant asserts that he "does not need to satisfy the traditional criteria to obtain a temporary restraining order or preliminary injunction" because IDEA's "stay put" provision in 20 U.S.C. § 1415(j) requires K.L.'s placement at Calo.[5] 34 C.F.R. § 300.518, the implementing regulation for § 1415(j), provides that

> during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing . . . unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

34 C.F.R. § 300.518(a). The regulation further provides that "[i]f the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents." 34 C.F.R. § 300.518(d).

Defendant argues that based on the Hearing Decision and S.H.'s agreement with the decision, Calo is now K.L.'s current educational placement and thus Plaintiff must effectuate K.L.'s placement at Calo based on the stay-put provision. Plaintiff argues that "K.L.'s current

---

[3] Pl.'s Br. Supp. Prelim. Inj. 22, ECF No. 11.
[4] Def.'s TRO 14, ECF No. 8.
[5] *Id.* at 11.

educational placement is at the Texas State Hospital under Austin ISD" and so, "to the extent the stay-put provision applies, K.L. must stay put with Austin ISD."[6]

Regardless of whether Defendant is required to satisfy the traditional injunctive elements, the Court finds he has not shown a substantial likelihood that he will succeed on the merits of his claims. *Daniels Health Servs.*, 710 F.3d at 582. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Id.*

First, the Court finds the briefing before it inadequate to determine K.L.'s "current educational placement." The stay put provision requires a child to remain in his current placement. K.L. is currently living in Austin, Texas at the Texas State Hospital. The state hearing officer has determined K.L. should be placed in Calo "or any other appropriate, TEA-approved residential placement," provided Plaintiff pays for it.[7] Defendant's briefing insufficiently explains how Calo is K.L's current placement under § 300.518, instead of the Texas State Hospital.

Nor does Defendant explain how the agreement he and the State have about placement in Calo requires Defendant to pay for this treatment under § 300.518's stay put requirement. The stay put obligation prohibits any change in the child's "current placement." The current placement appears to be the Texas State Hospital. The regulation permits the child's parent, with the consent of the State, to make alternative arrangements, but when that happens, the text of § 300.518 appears to nullify the stay put obligation. *See* § 300.518 (stay put obligation applies during appeal "unless" the state and parent agree otherwise); *see also Unless*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/unless (last visited Mar. 13, 2026) (unless used to describe when a statement does not apply); *Moyle v. United States*, 603 U.S. 324, 355 (2024) (text requires condition to bind "unless" exception applies). Whether Plaintiff is violating some other statute by

---

[6] Pl.'s Br. Supp. Prelim. Inj. 20, ECF No. 11.
[7] Def.'s App. Supp. Counterclaims Ex. A (Hearing Decision) 16, ECF No. 7-1.

refusing to comply with the Hearing Decision while on appeal not raised in the instant motion, is a question for another day. Based on the briefing currently before the Court, Defendant has not provided the Court with adequate authority to order Plaintiff to take any action under IDEA at this time.

2.  <u>ADA and Section 504 of the Rehabilitation Act Claims</u>

Turning to Defendant's ADA and Section 504 of the Rehabilitation Act claims, Defendant has not shown a substantial likelihood of success on the merits of these claims.

"Both the ADA and § 504 generally prohibit discrimination against persons with disabilities;" therefore, "[c]laims brought under § 504 or the ADA, or both, are subject to the same analysis." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 416 (5th Cir. 2021). "ADA and Rehabilitation Act claims based on educational services should be subject to the same standards that apply in other disability discrimination contexts." *A. J. T. by & through A. T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 345 (2025). Thus, to state a prima facie case, Defendant must demonstrate "(1) that he is a qualified individual; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *T.O.*, 2 F.4th at 417. (citation modified).

K.L. is clearly a qualified individual, which neither Party disputes.[8] However, Defendant has not clearly established a likelihood of success regarding elements two and three. Defendant asserts that Plaintiff "unlawfully discriminated against K.L. by (1) failing to address his behaviors appropriately, such that they escalated to the point where he required care at the Austin State

---

[8] *See* Def.'s TRO 15, ECF No. 8; Pl.'s Br. Supp. Prelim. Inj. 20, ECF No. 11.

Hospital, and (2) failing to implement the [Hearing] Decision and thus forcing him to remain in Austin State Hospital when he requires placement at Calo."[9] Based on the briefing before it, the Court is unable to determine that K.L. "is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity." *T.O.*, 2 F.4th at 417. Nor has Defendant established that such exclusion, denial of benefits, or discrimination is by reason of K.L.'s disability. *Id.* As Plaintiff seeking review of the Hearing Decision, which it contends is erroneous, does not establish discriminatory behavior.[10]

\* \* \*

Because Defendant has not carried his burden to establish a substantial likelihood of success on either his IDEA claim or his ADA and Rehabilitation Act claim, there is no need for the Court to examine the remaining elements required for injunctive relief. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (explaining that because the plaintiff failed to demonstrate the first element, there was no need for the court to "reach the other three criteria for granting a preliminary injunction."). Defendant's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

### B. WISD's Preliminary Injunction

While Plaintiff must establish a substantial likelihood of success on the merits of its claim, it also must establish a "substantial threat of irreparable harm absent an injunction." *Daniels Health Servs.*, 710 F.3d at 582. Satisfying the irreparable harm prong requires Plaintiff to show that it will suffer a "harm for which there is no adequate remedy at law." *Id.* at 585. It is "well-established

---

[9] Def.'s TRO 15, ECF No. 8
[10] Pl.'s Br. Supp. Prelim. Inj. 22, ECF No. 11.

that an injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (citation modified).

Here, the irreparable harm Plaintiff cites is the cost of compliance with the Hearing Decision, which it estimates will exceed $500,000.[11] But, because the Court denied Defendant's injunctive relief, Plaintiff fails to establish a substantial threat of irreparable harm. Accordingly, the Court does not reach the other three factors necessary for granting a preliminary injunction. *See DFW Metro Line Services v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Plaintiff's Motion for Preliminary Injunction is **DENIED**.

## IV.    CONCLUSION

For the reasons explained above, Defendant's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8) is **DENIED** and Plaintiff's Motion for Preliminary Injunction (ECF No. 11) is **DENIED**.

**SO ORDERED** on this **13th day** of **March, 2026**.

Reed O'Connor

**CHIEF UNITED STATES DISTRICT JUDGE**

---

[11] *Id.* at 18.